IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| ABIGAIL FARELLA and LOGAN W. MURPHY, on behalf of themselves and all others similarly situated. ) ) ) ) ) | ) CASE No. _____ |
| PLAINTIFFS ) | ) COMPLAINT-CLASS ACTION |
| v. ) ) | |
| BENTON COUNTY DISTRICT COURT, Division 4, and DISTRICT JUDGE A.J. ANGLIN, ) ) ) ) | |
| DEFENDANTS ) ) | |

## COMPLAINT-CLASS ACTION

Comes now this date, June 24, 2022, and for the Plaintiffs' Class Action Complaint states and alleges as follows:

### PARTIES

1.) Plaintiff Abigail Farella is an adult residing in the Benton County Jail in Bentonville, Arkansas.

2.) Plaintiff Logan W. Murphy is an adult residing in the Benton County Jail in Bentonville, Arkansas.

3.) Benton County, Arkansas, has four divisions of the District Court. Hon. A.J.

Anglin is the District Judge in Division 4 which is commonly called Benton County West. He has been the elected district judge in this court since January 1, 2021. He is sued in his official capacity only.

## JURISDICTION AND VENUE

4.) This action arises under Title 42 U.S.C. Secs 1983 & 1988 and 28 U.S.C. Secs. 2201 and 2202. This is a claim for a permanent injunction and declaratory judgment for violations of the Sixth and Fourteenth Amendments to the United States Constitution. Subject matter jurisdiction is by reason of Title 28 U.S.C. Sections 1331, 1334, 1343(a)(3), and 1367. Venue is in the Western District of Arkansas by reason of Title 28 U.S.C. Sections 1391(b & c), as the acts or omissions complained of occurred in the Western District of Arkansas, and all necessary parties reside in the Western District of Arkansas.

5.) The Benton County District Court, Division 4, is located in Siloam Springs, Arkansas. The court, Judge Anglin, and all parties, are within the jurisdiction of the United States District Court, Western District of Arkansas, Fayetteville Division.

## FACTUAL ALLEGATIONS

6.) Plaintiff Abigail Farella was arrested on May 20, 2022. She is charged with felony drug-related crimes.

7.) On or about May 21, 2022, Plaintiff Farella was given a pre-trial release hearing (hereafter referred to as a "bail hearing"), before District Judge A.J. Anglin

of the West Division of Benton County District Court. Ms. Farella did not have an attorney representing her at the bail hearing. Judge Anglin set bail at $10,000.00. Judge Anglin set the arraignment in Circuit Court, Division 2, for June 27, 2022.

8.) Judge Anglin found that Ms. Farella was an indigent person.

9.) Plaintiff Logan W. Murphy was arrested on June 20, 2022. He is charged with felony fleeing and related crimes.

10.) On or about June 21, 2022, Plaintiff Murphy was given a pre-trial release hearing (hereafter referred to as a "bail hearing"), before District Judge A.J. Anglin of the West Division of Benton County District Court. Mr. Murphy did not have an attorney representing him at the bail hearing. Judge Anglin set bail at $40,000.00. Judge Anglin set the arraignment in Circuit Court, Division 1, for July 25, 2022.

11.) Judge Anglin found that Mr. Murphy was an indigent person.

12.) No appointed attorneys, public defenders, or prosecutors, are ever present at any bail hearing conducted by Judge Anglin.

13.) Arkansas uses a highly developed public defender system and does not normally appoint private counsel except in special circumstances, such as capital murder cases.

14.) Judge Anglin conducts about 25% of all bail hearings in Benton County, Arkansas. This includes both felonies and misdemeanors. The total number is not known, but is believed to be as high as one thousand or more.

15.) Judge Anglin's failure to have counsel at bail hearings for indigents is not an aberration in the Benton County court system. He conducts bail hearings just like all the other district court judges. Judge Anglin is not an exception; he is the norm.

## CLASS ACTION ALLEGATIONS

16.) The class are "those indigent individuals who will appear before Judge Anglin for a bail hearing, and have been or will be denied the right to counsel at the bail hearing, in violation of the federal Sixth and Fourteenth Amendments to the U.S. Constitution."

17.) Plaintiffs Abigail Farella and Logan W. Murphy bring this action on behalf of themselves and all other similarly situated indigent persons, for purpose of asserting the claims alleged in this complaint.

18.) The Named Plaintiffs bring this action, on behalf of themselves and all others similarly situated, as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

19.) This action is brought and may properly be maintained as a class action pursuant to Rule 23(a)(1-4) and Rule 23(b)(2) of the Federal Rules of Civil Procedure.

20.) This action satisfies the numerosity, commonality, typicality, and adequacy requirements of those provisions.

A. <u>Numerosity of Impracticability of Joinder</u>. Fed. R. Div. P. 23(a)(1). The number of potential class members is very large. Judge Anglin will conduct many

hundreds of bail hearings per year, and this will continue unabated for as long as he remains a district court judge. His current 4-year term started on January 1, 2021. It is easy to see that there will be thousands of class members.

    B. <u>Commonality</u>. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact are present in all class member cases. The class is "those indigent individuals who will appear before Judge Anglin for a bail hearing, and have been or will be denied the right to counsel at the bail Hearing, in violation of the federal Sixth and Fourteenth Amendments to the U.S. Constitution." This is the exact fact pattern for every class member. They all have the exact legal and factual claim.

    C. <u>Typicality</u>. Fed. R. Civ. P. 23(a)(3). There is no variation between any class member. Each is an indigent person denied counsel at a bail hearing conducted by Judge Anglin.

    D. <u>Adequacy</u>. Fed. R. Civ. P. 23(a)(4). The named Plaintiffs are adequate representatives of the class because their interests in vindication of the legal claims they raise are entirely aligned with the interests of all class members. The Named Plaintiffs are members of the class, and they have no conflicts with any other class member.

## CAUSE OF ACTION #1
## DENIAL OF RIGHT TO COUNSEL UNDER SIXTH AMENDMENT

    21.) An indigent person should be provided an attorney at any first appearance / bail hearing, because these hearings are "critical stages" of the prosecution under the Sixth Amendment. It is not sufficient to just have an attorney appointed, but the

attorney must actively participate in these hearings and be prepared. That was not done in Plaintiff's cases. It has never been done in any prior case. It will never be done in any future cases.

## CAUSE OF ACTION #2
## DENIAL OF RIGHT TO COUNSEL UNDER THE FOURTEENTH AMENDMENT'S DUE PROCESS CLAUSES

22.) An indigent person should be provided an attorney at any first appearance or bail hearing under the Fourteenth Amendment's due process clause, both substantive and procedural. Indigents must have counsel at bail hearings that actively participate in the proceedings and are adequately prepared. That was not done in Plaintiffs' cases. It has never been done in any prior case. It will never be done in any future cases.

## CAUSE OF ACTION #3
## DENIAL OF RIGHT TO COUNSEL UNDER THE FOURTEENTH AMENDMENT'S EQUAL PROTECTION CLAUSE

23.) An indigent person should be provided an attorney at any first appearance or bail hearing under the Fourteenth Amendment's equal protection clause. Indigents must have counsel at bail hearings that actively participate in the proceedings and are adequately prepared. That was not done in Plaintiffs' cases. It has never done in any prior case. It will never be done in any future cases.

24.) As to Plaintiffs' individually, and all plaintiff class members collectively, the

procedure used by Judge Anglin at bail hearings is always the same. No indigent person has ever been provided an attorney who appears on their behalf at any bail hearings. No future indigent class member will ever be given a prepared attorney who appears and actually represents the member at a first appearance / bail hearing.

25.) As to all causes of action, all the injuries to Plaintiffs were done or will be done while the Defendants acted under color of Arkansas state laws, statutes, ordinances, regulations, policies, customs, and usage of the State of Arkansas and of Benton County, Arkansas.

26.) The Defendants' actions were intentional and deliberate unlawful acts amounting to a showing of deliberate indifference to the Plaintiffs' and class members' rights, under the Sixth and Fourteenth Amendments to the United States Constitution, and Title 42 U.S.C. Sections 1983 & 1988.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

27.) The Plaintiffs demand judgment against the Defendants for the following relief:

    A.) Permanent Injunction; (Indigent persons must have appointed counsel present at bail hearings.)

    B.) Declaratory Judgment; (Indigent persons must have appointed counsel present at bail hearings.)

    C.) Costs of this action;

D.) Necessary and reasonable attorney fees and expenses pursuant to Title 42 U.S.C. Sec. 1988, Federal Civil Rights Act;

E.) Any and all other relief to which the Named Plaintiffs and class members are entitled by law.

ABIGAIL FARELLA and LOGAN W. MURPHY, and on behalf of themselves and all others similarly situated,

PLAINTIFFS

BY: _____
Doug Norwood, Arkansas Bar No. 87-097
Alison Lee, Arkansas Bar No. 2006087
Norwood & Norwood, P.A.
2001 South Dixieland Road
P.O. Box 1960
Rogers, Arkansas 72757
(479) 636-1262     P
(479) 636-7595     F
doug@norwoodattorneys.com

June 24, 2022

## VERIFICATION

I, Abigail Farella, hereby verify that the above information in this Complaint is true and accurate to the best of my knowledge.

_____
Abigail Farella
June 24, 2022

On this date, June 24, 2022, Abigail Farella appeared before me and swore under oath, and under penalty of perjury, that the factual information contained in this Complaint is true and accurate to the best of her knowledge.

OFFICIAL SEAL
SANDRA L. TEDFORD
NOTARY PUBLIC, ARKANSAS
BENTON COUNTY
COMMISSION #12697546
COMMISSION EXP. 05/06/2026

_Sandra Tedford_
Notary Public
Benton County, Arkansas
June 24, 2022

## VERIFICATION

I, Logan W. Murphy, hereby verify that the above information in this Complaint is true and accurate to the best of my knowledge.

_Logan Murphy_
Logan W. Murphy
June 24, 2022

On this date, June 24, 2022, Logan W. Murphy appeared before me and swore under oath, and under penalty of perjury, that the factual information contained in this Complaint is true and accurate to the best of his knowledge.

OFFICIAL SEAL
SANDRA L. TEDFORD
NOTARY PUBLIC, ARKANSAS
BENTON COUNTY
COMMISSION #12697546
COMMISSION EXP. 05/06/2026

_Sandra Tedford_
Notary Public
Benton County, Arkansas
June 24, 2022