IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ABIGAIL FARELLA and LOGAN W.
MURPHY, on behalf of themselves
and all others similarly situated.                                              PLAINTIFFS

v.                          CASE NO. 5:22-CV-5121-TLB

DISTRICT JUDGE A.J. ANGLIN,
GREGG PARRISH, Executive Director
Of Arkansas Public Defender Commission
and JAY SAXTON, Chief Benton County
Public Defender,                                                                DEFENDANTS

## BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

Comes now the Plaintiffs, and through their attorneys, Doug Norwood and Alison Lee, and for their Motion for Class Certification, herein state and allege as follows:

## INTRODUCTION

This litigation is based upon the Amended Complaint filed November 11, 2022. (Doc. #34.) This is a class action case pursuant to Fed. Rule 23 seeking injunctive and declaratory relief only. This is not a case concerning money damages.

The issue in this case concerns having indigent pre-trial detainees having to undergo a bail / pre-trial detention hearing without being represented by counsel at that hearing. Plaintiffs allege that this violates the Sixth and Fourteenth Amendments of the

United States Constitution.

The class are "those indigent individuals who will appear before Judge Anglin for a misdemeanor or felony bail / pre-trail release hearing, and will be denied the right to appointed counsel [public defender] to represent them at that hearing."

Named Plaintiff Abigail Farella appeared before Judge A.J. Anglin on May 22, 2022, for a probable cause / bail hearing. She did not have an attorney represent her at this hearing. Judge Anglin declared her to be an indigent person and set her bail at $10,000. [Doc. #79, p.3]

Named Plaintiff Logan Murphy appeared before Judge A.J. Anglin on June 21, 2022, for a probable cause / bail hearing. He did not have an attorney present with him at this hearing. Judge Anglin declared him to be an indigent person and set his bail at $40,000. (Doc. #79, p.4]

Judge A.J. Anglin conducts approximately 25% of all probable cause / bail hearings in Benton County. He conducts these hearings just like all the other judges do in Benton County. This includes both felonies and misdemeanors. The number of cases he handles may run as high as 1000 per year. [Doc. #79, p.5]

Public defender defendants agree that Judge Anglin does not have counsel at bail hearings for indigent defendants. Furthermore, public defenders do not appear at initial bail hearings before Benton County District Court judges. Specifically, public defenders do not attend bail hearings before Judge Anglin. [Doc. #80, p.4-5]

In sum, indigent defendants, both felony and misdemeanor, who appear before Judge Anglin for a bail hearing are appointed a public defender, but the public defender does not appear at the hearing to represent the defendant on the issue of amount of bail or pre-trial release conditions. The appointment of a public defender only accrues to the defendant's benefit for future court appearances held subsequent to the initial bail hearing.

## CLASS ACTION ALLEGATIONS

The framework, and the roadmap, for class action certification is found in *Fochtman v. Darp, Inc.*, 2019 WL 406146 (W.D. Ark. 2019) [p.3-9] and *Postawko v. Missouri Department of Corrections*, 910 F.3d 1030 (8th Cir. 2018) [p.1036-40].

This action is brought and may properly be maintained as a class action pursuant to Rule 23(a)(1-4) and Rule 23(b)(2) of the Federal Rules of Civil Procedure.

The first action is to determine the ascertainability of the class. The proposed class must be sufficiently definite so that class members can be identified by sufficient objective data.

Here, the proposed class consists of the following individuals: (1) pre-trial detainees; (2) who have or will appear before District Judge A.J. Anglin; (3) for a bail / pre-trial release hearing under Arkansas Rules of Criminal Procedure 8-9; (4) who are indigent; and (5) do not have appointed [public defender] representation at that hearing.

Except for the named Plaintiffs, the class will be indigent defendants arrested

in the future, whose current names cannot be known at this time.

This action satisfies the numerosity, commonality, typicality, and adequacy requirements of Rule 23.

A. <u>Numerosity of Impracticability of Joinder</u>. Fed. R. Civ. P. 23(a)(1). The number of potential class members is very large. Judge Anglin will conduct many hundreds of bail hearings per year, and this apparently will continue unabated for as long as he remains a district court judge. His current 4-year term started on January 1, 2021. It is easy to see that there will be thousands of class members. The injunction and declaratory relief that the class seeks will apply to each class member and solve the problem at issue.

B. <u>Commonality</u>. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact are present in all class member cases. The class are those indigent defendants who will appear before Judge Anglin for a bail hearing, and have been or will not have appointed counsel [public defender] to represent them at that hearing. This is the exact fact pattern for every class member. They all have the exact legal and factual claim. Courts find common questions of law and fact "at a high level of generality." *Newberg on Class Actions* Sec. 3:19 (5th ed.) (internal quotations and citation omitted.) *Wal-Mart Stores, Inc.* 564 U.S. 338 (2011)

C. <u>Typicality</u>. Fed. R. Civ. P. 23(a)(3). The typicality inquiry asks whether the named Plaintiffs' claims are typical of those of the rest of the class. There are no

variations between any class members. Each is an indigent person denied counsel at a bail / pre-trail hearing conducted by Judge Anglin. All the class members suffer the exact same fact pattern and legal issue. There are no conflicts between any member of the named or putative class, nor will there ever be.

D. <u>Adequacy</u>. Fed. R. Civ. P. 23(a)(4). The named Plaintiffs are adequate representatives of the class because their interests in vindication of the legal claims they raise are entirely aligned with the interests of all class members. The named Plaintiffs are members of the class.

The named Plaintiffs are ready and willing to continue to take an active role in the litigation. They have met with counsel and are aware of the duties and responsibilities that apply to representative plaintiffs in class action litigation. They are committed to seeking appropriate relief for the class as a whole.

From the attached Exhibits 1 & 2, it is obvious that proposed class counsel, Doug Norwood and Alison Lee, are well qualified and have all necessary resources to handle this type of litigation. Doug Norwood and Alison Lee should be designated as class counsel. They meet all the requirements of Fed. R. Civ. Pro. 23(g) in their entirety.

For class certification, Fed. Rule 23(b) must also be satisfied. Here, the class issues and the individual issues are identical. Therefore, the "predominance" inquiry is satisfied.

Secondly, the court maintaining this case as a class action is "superior" to

litigating each case individually because the cases become moot as to each individual because they will normally be trying to litigate a case that is no longer active. In other words, the indigents are arrested, taken before the judge for a bail hearing within 48 hours, the hearing is conducted and over with, long before anyone can intervene on their behalf. As a practical matter, this type of case is only resolved by class action litigation because of mootness problems that occur with individual cases. See. *Johnson v. City of Opelousas*, 658 F.2d 1065, 1070 (5th Cir. 1981). Certification of a class under Rule 23(b) is "especially appropriate where, as here, the claims of the members of the class may become moot as the case progresses."

The Supreme Court has recognized, "civil rights cases against parties charged with unlawful, class-based discrimination are prime examples," of Rule 23(b)(2) class actions. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). In actions primarily seeking injunctive relief, the (b)(2) requirement is "almost automatically satisfied." *Baby Neal ex rel Kanter v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994).

### IS THE INJURY CAPABLE OF CLASSWIDE RESOLUTION?

Even though the court does not have to consider the full ramifications of Rule 65 Injunctions at this point, it is helpful to consider whether there is a plausible resolution of the issues as to all class members with a single injunction.

If the court rules later that the Plaintiffs prevail on their underlying complaint, that being that indigents are not provided with public defenders to represent them at

bail hearings in violation of the Sixth or Fourteenth Amendment, then the court could plausibly issue a single injunction that rectifies that constitutional infirmity. The court could do a number of things, such as hold the current practices of Judge Anglin to be in violation of federal law; he could enjoin the current practices of Judge Anglin; he could order that public defenders be present for bail hearings concerning indigent defendants, etc. The court has wide latitude in fashioning a remedy for unconstitutional practices found to be in violation of the U. S. Constitution.

## CONCLUSION

The named Plaintiffs and the putative class members have shown that they are entitled to class wide certification and that Doug Norwood and Alison Lee should be appointed as class counsel.

> ABIGAIL FARELLA and LOGAN W. MURPHY, on behalf of themselves and all others similarly situated,
>
> PLAINTIFFS
>
> BY:   /s/ Doug Norwood
>       Doug Norwood, Arkansas Bar No. 87-097
>       Alison Lee, Arkansas Bar No. 2006087
>       Norwood & Norwood, P.A.
>       2001 South Dixieland Road
>       P.O. Box 1960
>       Rogers, Arkansas 72757
>       (479) 636-1262   P
>       (479) 636-7595   F
>       doug@norwoodattorneys.com
>       alison@norwoodattorneys.com

November 20, 2023