IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION



**EXHIBIT**

**4**

ABIGAIL FARELLA AND LOGAN W. MURPHY,
on behalf of themselves and all others                                  **PLAINTIFFS**
similarly situated

v.                                          CASE NO. 5:22-cv-05121-TLB

DISTRICT JUDGE A.J. ANGLIN,
GREGG PARRISH, EXECUTIVE
DIRECTOR OF THE ARKANSAS PUBLIC
DEFENDER COMMISSION and JAY SAXTON,
CHIEF BENTON COUNTY PUBLIC DEFENDER          **DEFENDANTS**

## PLAINTIFF AND SEPARATE DEFENDANTS' AGREED STATEMENT OF FACTS

Comes now counsel for Plaintiffs, and counsel for separate Defendants Gregg Parrish &

Jay Saxton, and for their Agreed Statement of Facts state and allege as follows:

1) Gregg Parrish is the Executive Director of the Arkansas Public Defender Commission.

2) Jay Saxton is the Chief Public Defender assigned to Benton County, Arkansas, in the 19th

    Judicial Circuit West Division. He is an employee of the State of Arkansas. Gregg Parrish

    is his supervisor.

3) Gregg Parrish, and Jay Saxton, and all parties, are within the jurisdiction of the United

    States District Court, Western District of Arkansas, Fayetteville Division.

4) On or about May 22, 2022, Farella was taken to the courtroom of the Benton County Jail

    for a pretrial release hearing (hereafter referred to as a "bail hearing") before District Judge

    A.J. Anglin. These hearings are also referred to as Rule 8.1 or Probable Cause hearings

    throughout the State.

5) Farella did not have an attorney representing her at her bail hearing, as the Court had not made a previous finding of indigency as required by Ark. Code Ann. § 16-87-213.

6) Prior to 2024, Benton County bail hearings conducted by district court judges never had a record. Currently, the jail courtroom is set up with a recording device. However, by statute, Arkansas's District Courts are not recognized as official courts of record.  Ark. Code Ann. § 16-10-104; *see also Mahoney v. Derrick*, 2022 Ark. 27 (Hudson, J., concurring). Nor is there an actual court reporter present for the proceedings.

7) Murphy did not have an attorney representing him at his bail hearing, as the Court had not made a previous finding of indigency as required by Ark. Code Ann. § 16-87-213).

8) Judge Anglin, along with the other three district judges in Benton County, rotate on conducting bail hearings for individuals arrested and housed in the Benton County Jail. Judge Anglin conducts approximately 25% of all bail hearings in Benton County, Arkansas, including both felonies and misdemeanors.

9) The four (4) district judges conducting Rule 8.1 hearings in Benton County do not follow the same schedule as to the time of day or as to the day of the week.

10) Judges in Benton County do not require the presence of public defenders at bail hearings.

11) When bail hearings are conducted at the Benton County Jail, no representatives from the prosecutor's office or public defender's office are physically or virtually present.

12) Arkansas Rule of Criminal Procedure 8.5 provides a list of relevant factors for the judicial officer to assess, such as:

    a.  The defendant's employment status, history, and financial condition;

    b.  The nature and extent of his family relationships;

    c.  His past and present residence;

    d.  His character and reputation;

    e.  Persons who agree to assist him in attending court at the proper times;

    f.  The nature of the current charge and any mitigating or aggravating factors that may bear on the likelihood of conviction and the possible penalty;

    g.  The defendant's prior criminal record, including history of violence, if any, and, if he previously has been released pending trial, whether he appeared as required;

    h.  Any facts indicating the possibility of violations of law if the defendant is released without restrictions, including the risk that the defendant will commit a serious crime, intimidate witnesses, harass or take retaliatory action against any witness, or otherwise interfere with the administration of justice or post a danger to the safety of any other person; and

    i.  Any other facts tending to indicate that the defendant has strong ties to the community and is not likely to flee the jurisdiction.

13) The Arkansas Public Defender Commission was created by Act 1193 of 1993, codified at Arkansas Code Annotated §§16-87-201 through -214, to address issues and concerns related to the representation of indigent criminal defendants throughout Arkansas. The Commission is composed of seven members who have been appointed by the Governor of Arkansas. Those members appoint an Executive Director to oversee the direct operations of the Commission's attorneys, investigators, and staff.

14) Gregg Parrish is the Executive Director of the Arkansas Public Defender Commission and oversees the day-to-day operations of public defenders throughout Arkansas.

15) Mr. Parrish has not instructed the public defenders in Benton County to attend initial appearances at bail hearings.

16) Jay Saxton is the Chief Public Defender for Benton County, Arkansas. He is the direct supervisor for the public defenders in Benton County, and an employee of the State of Arkansas. Mr. Parrish is his supervisor.

17) He has not provided public defenders for initial bail hearings in district courts.

18) The Arkansas Public Defender Commission ("APDC") is afforded 186 full-time positions by the Arkansas legislature. At present, the APDC employes 117 full-time attorneys and 112 part-time attorneys. The APDC currently has nine (9) vacant full-time attorney positions and eight (8) vacant part-time attorney positions. Of this total, 19 full-time positions and three (3) part-time positions handle administrative duties, appeals, capital cases, or conflicts work and never are involved in a case at the first appearance stage.

19) Benton County currently has 15 full-time public defender positions: 6.5 state-funded public defenders and 8.5 attorney positions funded by Benton County as authorized by Ark. Code Ann. § 16-87-302 (b)(2), although the county is under no lawful duty to provide these positions. Benton County also has an additional five attorney positions paid for with American Rescue Plan (COVID) funding. This funding is not permanent and will expire in or about September 2024.

20) By contrast, the Benton County prosecutors' office has 23 total attorneys, six of which are county positions.

21) In Benton County, bail hearings are not set at a specific time. Bail hearings in Benton County are at irregular times, and are dependent on when the district judge wants to hold them, whether that is 6:00 am in the morning or 8:00 pm at night, and whether it is a weekend or holiday.

4

22) Conversely, in neighboring Washington County, Rule 8.1 bail hearings are set every Monday, Wednesday, and Friday at 8:00 am in the mornings. Both prosecutors and public defenders are present for bail hearings in Washington County. A court reporter is also present making a record.

23) Washington County is able to accomplish having a court reporter, public defender, and prosecutor at the Rule 8.1 bail hearings due to the fact that Washington County also handles all felony arraignments at the same time and in the same location. Further, whether a defendant is in custody or free, they are required to attend an arraignment at the Washington County detention facility, and Washington County has authorized their district judges to conduct arraignments in felony cases.

24) Felony cases in Benton County are divided into one of two criminal court divisions. The case is given a number that indicates which division will handle the case. Arraignments, however, are assigned based on who is arrested on which week. For example, all felony defendants who are arrested in one week will have their arraignment in Division II; all felony defendants who are arrested in the next week have their arraignment in Division I. The judge for the assigned arraignment court date and the prosecutors who handle the cases in that division, will handle the arraignment of the defendant. At the arraignment, the Circuit Judge will then give them their next court date and advise them where the case is in Division I or II.

25) Rule 8.6 of the Arkansas Rules of Criminal Procedure affords a time period of sixty (60) days from the date of arrest wherein the prosecution is to file a felony Information. Otherwise, a person held in custody "*may*" be released on his own recognizance. Generally, in Benton County, the prosecutors will not file a formal criminal information

until the week prior to the arraignment, and often, they will "pend" cases and ask the judge to reset for more time to make a filing decision. When a prosecutor "pends" a case at arraignment, he requests a reset of the arraignment for more time to make a decision on which, if any, charges to file against the defendant. Indigent defendants may be in jail for two months before a filing decision is made.

26) Counsel for the defendant, whether it be private or a public defender, may file a motion for a bond reduction with the circuit judge of the division where the defendant's case has been assigned. However, this only occurs after the formal filing of the Information which can occur at any time up to sixty (60) days post arrest. *See* Rule 8.6 above. Those motions, however, are not heard until the arraignment date. If the defendant happens to have an arraignment date in the division other than their case's assigned division, the circuit judge may not hear the bond reduction argument and instead instruct the attorney to make the argument in front of the assigned judge. An indigent defendant may be in jail for 60 days without a filing decision being made on their case, and may be in jail for months before even receiving a hearing on a motion to reduce bond.

Respectfully submitted,

ABIGAIL FARELLA & LOGAN MURPHY
Plaintiffs

BY:    /s/ Doug Norwood_____
DOUG NORWOOD, Ark Bar No. 87-097
ALISON LEE, Ark Bar No. 2006-087
Norwood & Norwood, P.A.
P.O. Box 1960
2001 S. Dixieland Road
Rogers, AR 72757
(479) 636-1262    PHONE
(479) 636-7595    FAX
doug@norwoodattorneys.com
alison@norwoodattorneys.com

GREGG PARRISH & JAY SAXTON
Separate Defendants

BY:        /s/ Katherine C. Campbell
               Marshall S. Ney, Ark. Bar No. 91108
               Katherine C. Campbell, Ark. Bar No. 2013241
               FRIDAY, ELDREDGE & CLARK, LLP
               3350 S. Pinnacle Hills Parkway, Suite 301
               Rogers, Arkansas 72758
               Office: (479) 695-6049
               Facsimile: (501) 244-5389
               mney@fridayfirm.com
               kcampbell@fridayfirm.com